# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3263 | **DATE** | 9/5/2002 |
| **CASE TITLE** | JACK ABLAHAD vs. JOHN ASHCROFT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 10/17/02 at 9:00 a.m. Enter Memorandum Opinion And Order. Respondents' motion to dismiss is denied. Petitioner's petition for appointment of counsel is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 6 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

SEP 0 6 2002

| | |
|---|---|
| JACK ABLAHAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 02 C 3263 |
| v. ) | |
| ) | Judge John W. Darrah |
| JOHN ASHCROFT, Attorney General of the ) | |
| United States; and BRIAN PERRYMAN, ) | |
| District Director, Immigrations and Naturalization ) | |
| Service, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Jack Ablahad ("Ablahad"), filed a Petition for Habeas Corpus, alleging that he is being illegally detained under 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001) (*Zadvydas*). Presently before the Court is Respondents' Motion to Dismiss for failure to state a claim upon which relief can be granted and Ablahad's Petition for Appointment of Counsel.

I. BACKGROUND

Ablahad is a native and citizen of Iraq with Lawful Permanent Resident status. In September 1989, Ablahad was convicted of the offense of possession of a controlled substance. Ablahad was placed on thirty months' probation and required to complete a six-month inpatient rehabilitation program. At the same time, in the same court, Ablahad was also convicted of burglary and sentenced to seven months' imprisonment. In March 1991, Ablahad was found to be in violation of his probation by testing positive for drug use. Ablahad was incarcerated for an additional three months.

In July 1991, an order to show cause was issued charging Ablahad with deportability under

Section 241(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"). In November 1991, Ablahad was convicted for possession of a stolen motor vehicle and sentenced to four years' imprisonment.

Ablahad's deportation proceedings resumed while he was incarcerated. At the initial hearing in March and May 1992, Ablahad admitted each of the allegations of fact contained in the order to show cause and conceded deportability on the charge of deportation under Section 214(a)(2)(B)(i) of the INA. In July 1992, Ablahad was ordered deported based upon his admissions and his conviction record. Ablahad appealed his deportability to the the Board of Immigration Appeals ("BIA"). In October 1992, the BIA dismissed Ablahad's appeal.

In August 1993, Ablahad filed a Petition for Habeas Corpus with the United States District Court for the District of Colorado. In November 1993, while his petition was being reviewed, the Immigration and Naturalization Service ("INS") released Ablahad on an order of supervision.

In 1994, Ablahad was convicted of aggravated battery. In May 1997, after serving his sentence for this crime, Ablahad was released by the INS on another order of supervision. During the second supervised release, Ablahad was convicted of attempted burglary and possession of a stolen vehicle. On December 14, 2001, following the serving of the sentence for the latest two crimes, Ablahad was transferred to INS custody.

The INS has detained Ablahad since that date pursuant to 8 U.S.C. § 1231(a)(6). In March 2002, the INS reviewed Ablahad's file pursuant to 8 C.F.R. § 241.4. Ablahad was not granted supervised release because of his extensive criminal history and his violation of release conditions during his earlier supervised releases. Ablahad's case was transferred to the INS Headquarters Post-Order Detention Unit ("HQPDU") for a determination, pursuant to 8 C.F.R. § 241.13, of whether

Ablahad had demonstrated that there was no significant likelihood of his removal in the reasonably foreseeable future. At this time, Ablahad had not requested that the INS assist him in obtaining travel documents; and the INS filed a request for a travel document with the Iraqi Interest Section on Ablahad's behalf. This request is still pending. On May 2, 2002, HQPDU issued its decision to continue detention of Ablahad based on past success by the INS in obtaining travel documents for Iraqis, a pending request for a travel document sent to the Iraqi Interest Section, and the fact that Ablahad did not provide the required evidence that his removal was not within the foreseeable future. Ablahad remains detained by the INS.

II. ANALYSIS

In his petition, Ablahad alleges that his continued detention is not authorized by Section 1231(a)(6) because there is no reasonable likelihood that he can be removed in the foreseeable future. Ablahad does not state any basis for his allegation that there is no reasonable likelihood that he can be removed in the foreseeable future.

Aliens who are removable because of the commission of serious crimes must be detained during the ninety-day removal period following the entry of a final deportation/removal order. *See* 8 U.S.C. § 1231(a). Furthermore, aliens that are removable because they have committed serious crimes or who have been determined by the Attorney General to be a risk to the community or unlikely to comply with the dismissal order, "may be detained beyond the" ninety-day removal period. 8 U.S.C. § 1231(a)(6).

The Supreme Court clarified and limited 8 U.S.C. § 1231(a)(6) in *Zadvydas*. The Court held that if post-order detention is required, such detention may only be as long as reasonably necessary to accomplish removal of the alien. *Zadvydas*, 533 U.S. at 699. "[I]f removal is not reasonably

foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699-700. The Court held that a six-month period is a presumptively reasonable time period for accomplishing removal. After the six-month period, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the INS must respond with evidence to rebut the alien's showing. *Zadvydas*, 533 U.S. at 701. However, the six-month presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The basic federal habeas corpus statute grants the federal courts authority to answer, "Whether a set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal is determinative of whether the detention is, or is not, pursuant to statutory authority." In answering this question,

> the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. ... And if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period.
> *Zadvydas*, 533 U.S. at 699-700.

After *Zadvydas*, the INS established regulatory procedures for determining whether removal

of an alien is likely to be accomplished in the reasonably foreseeable future and, if not, whether the alien may still be detained as one of the exceptions listed in *Zadvydas*. *See* 8 C.F.R. §§ 241.13, 241.14. Under § 241.13, the HQPDU must, at the alien's request, conduct a review to determine whether removal can be accomplished in the reasonably foreseeable future. The alien bears the burden of demonstrating that such removal is not likely. To make such a showing, the alien must provide "information sufficient to establish his or her compliance with the obligation to effect his or her removal and to cooperate in the process of obtaining necessary travel documents." 8 C.F.R. § 241.13(d)(2); *see also*, 8 U.S.C. § 1231(a)(1)(C) (the removal period shall be extended and the alien may be kept in detention if he fails to make a good-faith effort to secure travel documents).

In the instant case, Ablahad has been detained by the INS since December 14, 2001. Accordingly, Ablahad has been detained for a time period well above the presumptively reasonable six-month period. On May 2, 2002, the HQPDU issued its decision to continue to detain Ablahad based on its finding, in part, that a request for a travel document was then pending. The present record does not indicate the present status of the pending travel document.

Based on the record before the Court, Ablahad has sufficiently pled a claim under *Zadvydas*. Ablahad has pled that he has been detained for more than a six-month period and that there is no reasonable likelihood that the INS can effectuate removal in the foreseeable future.

A hearing on Ablahad's petition is required to determine if Ablahad can provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, as well as to determine if the INS can rebut any such showing by Ablahad. *See Lin v. United States Immigration and Naturalization Serv.*, ___ F.3d ___ (2002 WL 1766307 9th Cir. Aug. 1, 2002) (petitioner who had been detained considerably more than six months had a right to have the district

court determine if his removal was not reasonably foreseeable). In light of the need of a hearing on Ablahad's petition, the Court also grants Ablahad's Petition for Appointment of Counsel.

Ablahad also challenges the constitutionality of 8 U.S.C. § 1231(a)(6). Having determined that a hearing is required on Ablahad's statutory claim, this Court need not reach any constitutional questions. *See Jean v. Nelson*, 472 U.S. 846, 854 (1985) (federal courts must consider nonconstitutional grounds for decision prior to reaching any constitutional questions); *Walpole v. Hill*, 472 U.S. 445, 453 (1985) (judicial restraint requires avoiding unnecessary resolution of constitutional issues).

III. CONCLUSION

For the reasons stated above, Respondents' Motion to Dismiss is denied. Petitioner's Petition for Appointment of Counsel is granted.

Dated:

JOHN W. DARRAH
United States District Judge